Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho 83703
Phone: (208) 384-8588
Fax: (208) 853-0117
Email: mtc@angstman.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 17-00450-TLM |
|---|---|
| FARMERS GRAIN, LLC<br><br>Debtor. | |
| FARMERS GRAIN, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DC LAND OPERATING COMPANY, LLC, an Idaho limited liability company; BILL ZEIGLER, an individual; CHRIS UNRUH, an individual; MICHAEL HARTLEY, an individual and d/b/a HARTLEY FARMS and d/b/a DOUBLE H FARMS; ENSZ FARMS, an Idaho partnership; GORDON TROUT, an individual; LLOYD SAUNDERS, an individual; RALPH THORNLEY FARMS, LLC, an Oregon limited liability company; RIVERCREST FARMS, LLC, an Idaho limited liability company; ROGER LANG, an individual; SCOTT CRUICKSHANK, an | Adv. Case No. 17-\_\_\_\_\_-TLM<br><br>COMPLAINT FOR DETERMINATION OF SECURED/UNSECURED STATUS |

COMPLAINT – PAGE 1
Matter: 12106-003

individual; STANDAGE FARMS, INC., an Oregon corporation; WATSON AGRICULTURE, INC., an Oregon corporation; WBH FARMS, LLC, an Oregon limited liability company; RABO AGRIFINANCE, LLC, a Delaware limited liability company formerly known as Rabo AgriFinance, Inc.; and DOES 1-20,

Defendants.

The Debtor, by and through its counsel of record, ANGSTMAN JOHNSON, as and for a Complaint against the above-named Defendants, alleges as follows:

## INTRODUCTION

1. Each of the above-named Defendants may claim some security interest in the grain and proceeds thereof owned by the Debtor. Through this adversary proceeding, the Debtor seeks a determination by the Bankruptcy Court of the secured status of each of the above-named Defendants.

## PARTIES AND JURISDICTION

2. The Debtor and Plaintiff, Farmers Grain, LLC ("Farmers Grain"), is an Oregon limited liability company with a principal place of operation located in Nyssa, Oregon. Farmers Grain is the Debtor in Chapter 11 Bankruptcy Case No. 17-00450-TLM. Farmers Grain filed its bankruptcy petition on April 18, 2017 (the "Petition Date").

3. The Defendants are all creditors of Farmers Grain, holding claims in the Farmers Grain bankruptcy case.

4. DC Land Operating Company, LLC ("DC Land") is an Idaho limited liability company.

5. Bill Zeigler is an individual residing in, and farming near, New Plymouth, Idaho.

6. Chris Unruh is an individual residing in, and farming near, Grandview, Idaho.

7. Michael Hartley is an individual who does business as Hartley Farms and Double H Farms, and resides in Nyssa, Oregon.

8. Ensz Farms is an Idaho partnership with its principal place of business located in Grandview, Idaho.

9. Gordon Trout is an individual residing in, and farming near, Homedale, Idaho.

10. Lloyd Saunders is an individual residing in, and farming near, Vale, Oregon.

11. Ralph Thornley Farms, LLC, is an Oregon limited liability company with its principal place of business located in or near Adrian, Oregon.

12. Rivercrest Farms, LLC, is an Idaho limited liability company with its principal place of business located in Adrian, Oregon.

13. Roger Lang is an individual residing in, and farming near, Vale, Oregon.

14. Scott Cruickshank is an individual residing in, and farming near, Ontario, Oregon.

15. Standage Farms, Inc., is an Oregon corporation with its principal place of business located in Vale, Oregon.

16. Watson Agriculture, Inc., is an Oregon corporation with its principal place of business located in Parma, Idaho.

17. WBH Farms, LLC, is an Oregon limited liability company with its principal place of business located in Nyssa, Oregon.

18. Rabo AgriFinance, LLC, is a Delaware limited liability company previously known as Rabo AgriFinance, Inc., which does business in both Oregon and Idaho.

19. Does 1-20 are individuals or entities other than those listed above which claim a lien in the grain, or proceeds thereof, owned by the Debtor. The exact identity of these

individuals or entities is currently unknown, but shall be specifically listed in the event those identities become known.

20. Each of the Defendants named herein claim, or may claim, a security interest in the grain, or proceeds thereof, held by the Debtor. As set forth below, the Debtor asserts that some of these individuals or entities may have previously held a security interest that lapsed by operation of applicable Oregon or Idaho statutes.

21. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157, and Federal Rule of Bankruptcy Procedure 7001, et seq., and the standard order of reference applicable in this District. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

22. Venue is proper in this Court pursuant to 28 U.S.C. §1408 and by special agreement between the District of Oregon and District of Idaho.

23. Pursuant to Fed. R. Bankr. Proc. 7008, the Debtor <u>consents</u> to entry of final orders or judgment by the bankruptcy court.

## FACTS AND CLAIMS

24. Farmers Grain is in the business of purchasing grain, processing it (through either drying the grain or grinding it) and selling it to end-users.

25. As part of its business, Farmers Grain purchases grain from local grain producers, which is then held by Farmers Grain until processing and delivery to growers.

26. Farmers Grain does not always pay for the purchased grain at the time of delivery. In many instances, the grain producer does not want immediate payment but instead waits for the grain market price to improve and then prices the grain for payment. Farmers Grain then pays for the grain after it is priced by the producer.

27. With the exception of Rabo AgriFinance, each of the Defendants listed above are grain producers who previously delivered grain to Farmers Grain without receiving payment, who remained owed for payment on the Petition Date.

28. **DC Land** delivered corn to the Debtor during the period of October 18, 2016 through November 29, 2016, for which it remains unpaid.

   a. Upon the delivery of the corn, DC Land had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. DC Land had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at anytime prior to May 28, 2017.

   c. On or before May 28, 2017, DC Land's statutory lien for the grain delivered during the period listed above had expired.

   d. On or after May 28, 2017, for the grain delivered during the period listed above, DC Land held an unsecured claim.

29. **Bill Ziegler** delivered corn to the Debtor on December 1, for which he remains unpaid.

   a. Upon the delivery of the corn, Ziegler had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Ziegler had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at anytime prior to May 30, 2017.

    c. On or before May 30, 2017, Ziegler's statutory lien for the corn delivered during the period listed above had expired.

    d. On or after May 30, 2017, for the corn delivered during the period listed above, Ziegler held an unsecured claim.

  30. **Bill Ziegler** delivered wheat to the Debtor on July 19, 2016, for which he remains unpaid.

    a. Upon the delivery of the wheat, Ziegler had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

    b. Ziegler had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

    c. On the Petition Date, Ziegler's statutory lien for the wheat delivered during the period listed above had expired.

    d. On the Petition Date, for the wheat delivered during the period listed above, Ziegler held an unsecured claim.

  31. **Chris Unruh** delivered corn to the Debtor during various periods, including November 21-22, 2016 (contract TC32), November 22, 2016 (contract TC62); and at various times prior to October 18, 2016, for which he remains unpaid.

    a. Upon the delivery of the corn, Unruh had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

COMPLAINT – PAGE 6
Matter: 12106-003

      b. Unruh had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at any time prior to May 21, 2017.

      c. On or before May 21, 2017, Unruh's statutory lien for the corn delivered during the period listed above had expired.

      d. On or after May 21, 2017, for the corn delivered during the period listed above, Unruh held an unsecured claim.

32. ***Michael Hartley***, either individually or d/b/a ***Hartley Farms*** or ***Double H Farms***, delivered wheat to the Debtor during the period of July 8, 2016 through July 28, 2016, for which he remains unpaid.

      a. Upon the delivery of the wheat, Hartley had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

      b. Hartley had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

      c. On the Petition Date, Hartley's statutory lien for the wheat delivered during the period listed above had expired.

      d. On the Petition Date, for the wheat delivered during the period listed above, Hartley held an unsecured claim.

33. ***Ensz Farms*** delivered wheat to the Debtor during the period of July 10, 2016 through August 13, 2016, for which it remains unpaid.

COMPLAINT – PAGE 7
Matter: 12106-003

    a. Upon the delivery of the wheat, Ensz Farms had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

    b. Ensz Farms had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

    c. On the Petition Date, Ensz Farms' statutory lien for the wheat delivered during the period listed above had expired.

    d. On the Petition Date, for the wheat delivered during the period listed above, Ensz Farms held an unsecured claim.

34. ***Gordon Trout*** delivered corn to the Debtor on October 21, 2016, for which he remains unpaid.

    a. Upon the delivery of the corn, Trout had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

    b. Trout had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or before April 19, 2017.

    c. On or before April 19, 2017, Trout's statutory lien for the corn delivered during the period listed above had expired.

    d. On or after April 19, 2017, for the corn delivered during the period listed above, Trout held an unsecured claim.

35. ***Lloyd Saunders*** delivered corn to the Debtor during the period of October 20, 2016 through November 28, 2016, for which he remains unpaid.

   a. Upon the delivery of the corn, Saunders had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Saunders had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at any time prior to May 27, 2017.

   c. On or before May 27, 2017, Saunders' statutory lien for the corn delivered during the period listed above had expired.

   d. On or after May 27, 2017, for the wheat delivered during the period listed above, Saunders held an unsecured claim.

36. ***Ralph Thornley Farms, LLC,*** delivered wheat to the Debtor during the period of July 8, 2016, through July 25, 2016, for which it remains unpaid.

   a. Upon the delivery of the wheat, Ralph Thornley Farms had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Ralph Thornley Farms had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

   c. On the Petition Date, Ralph Thornley Farms' statutory lien for the wheat delivered during the period listed above had expired.

   d. On the Petition Date, for the wheat delivered during the period listed above, Ralph Thornley Farms held an unsecured claim.

 37. ***Rivercrest Farms, LLC***, delivered corn to the Debtor on October 27, 2016, for which it remains unpaid.

   a. Upon the delivery of the corn, Rivercrest Farms had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Rivercrest Farms had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at any time before April 25, 2017.

   c. On or before April 25, 2017, Rivercrest Farms' statutory lien for the corn delivered during the period listed above had expired.

   d. On or after April 25, 2017, for the corn delivered during the period listed above, Rivercrest Farms held an unsecured claim.

 38. ***Roger Lang*** delivered corn to the Debtor during the period of December 2 through December 3, 2016, for which he remains unpaid.

   a. Upon the delivery of the corn, Lang had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Lang had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at any time before June 1, 2017.

COMPLAINT – PAGE 10
Matter: 12106-003

   c. On or before June 1, 2017, Lang's statutory lien for the corn delivered during the period listed above had expired.

   d. On or after June 1, 2017, for the corn delivered during the period listed above, Lang held an unsecured claim.

39. ***Scott Cruickshank*** delivered corn to the Debtor during the period of October 27 – October 28, 2016, for which he remains unpaid.

   a. Upon the delivery of the corn, Cruickshank had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

   b. Cruickshank had not filed a Notice to extend his statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date or at any time prior to April 26, 2017.

   c. On or before April 26, 2017, Cruickshank's statutory lien for the corn delivered during the period listed above had expired.

   d. On or after April 26, 2017, for the corn delivered during the period listed above, Cruickshank held an unsecured claim.

40. ***Standage Farms, Inc***., delivered wheat to the Debtor during the period of July 28, 2016, through July 29, 2016, for which it remains unpaid.

   a. Upon the delivery of the wheat, Standage Farms had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

COMPLAINT – PAGE 11
Matter: 12106-003

    b. Standage Farms had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

    c. On the Petition Date, Standage Farms' statutory lien for the wheat delivered during the period listed above had expired.

    d. On the Petition Date, for the wheat delivered during the period listed above, Standage Farms held an unsecured claim.

41. ***Watson Agriculture, Inc.***, delivered wheat to the Debtor during the period of July 16, 2016, through July 19, 2016, for which it remains unpaid.

    a. Upon the delivery of the wheat, Watson Agriculture had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

    b. Watson Agriculture had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

    c. On the Petition Date, Watson Agriculture's statutory lien for the wheat delivered during the period listed above had expired.

    d. On the Petition Date, for the wheat delivered during the period listed above, Watson Agriculture held an unsecured claim.

42. ***WBH Farms, LLC***, delivered wheat to the Debtor during the period of July 5, 2016, through July 23, 2016, for which it remains unpaid.

    a. Upon the delivery of the wheat, WBH Farms had a lien on the inventory or proceeds thereof for a period of 180 days pursuant to Oregon Revised Statute 87.755 and 87.762 and/or Idaho Code Sections 45-1802 and 45-1804.

    b. WBH Farms had not filed a Notice to extend its statutory lien pursuant to Oregon Revised Statute 87.762 or Idaho Code Section 45-1804 prior to the Petition Date.

    c. On the Petition Date, WBH Farms' statutory lien for the wheat delivered during the period listed above had expired.

    d. On the Petition Date, for the wheat delivered during the period listed above, WBH Farms held an unsecured claim.

43. ***Rabo AgriFinance*** holds a perfected lien interest in Farmers Grain's inventory, which is junior to any valid statutory lien held by any of the other Defendants named above.

44. ***Does 1-20*** are other grain producers who may have delivered grain to the Debtor at any time prior to the Petition Date whose liens have either expired, or whose current liens may expire in the future due to failure to file the required Notice to extend their statutory lien.

## CLAIM ONE
### Determination of Secured Status for Grain Producer claims

45. Farmers Grain restates all of the foregoing as if fully set forth herein.

46. Because the grain producer defendants listed above did not file an extension of their statutory liens with either the Oregon or Idaho Secretary of State prior to the Petition Date, those producers' statutory liens lapsed and their claims for payment for the grain deliveries listed above are unsecured. The Debtor respectfully requests an order confirming the same.

COMPLAINT – PAGE 13
Matter: 12106-003

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtor respectfully requests the Court:

1. Enter an order determining the secured status of the Defendants listed above;

2. Grant whatever relief the Court deems necessary and just.

DATED this 16th day of June, 2017.

                                              /s/  Matt Christensen
                                          MATTHEW T. CHRISTENSEN
                                          Attorney for Debtor