D. Blair Clark, ISB No. 1367
Jeffrey P. Kaufman, ISB No. 8022
LAW OFFICE OF D. BLAIR CLARK, PC
1513 Tyrell Lane, Suite 130
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: jeffrey@dbclarklaw.com

Attorneys for Defendant DC Land

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>FARMERS GRAIN, LLC,<br><br>                Debtor. | Case No. 17-00450-TLM<br><br>Chapter 11 |
| FARMER'S GRAIN, LLC, an Oregon Limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>DC LAND OPERATING COMPANY, LLC, an Idaho limited liability company; BILL ZEIGLER, an individual; CHRIS UNRUH, an individual; MICHAEL HARTLEY, an individual and d/b/a HARTLEY FARMS and d/b/a DOUBLE H FARMS; ENSZ FARMS, an Idaho Partnership; GORDON TROUT, an individual; LLOYD SAUNDERS, an individual; RALPH THORNLEY FARMS, LLC, an Oregon limited liability company; RIVERCREST FARMS, LLC, an Idaho limited liability company; ROGER LANG, an individual; SCOTT CRUICKSHANK, an individual; STANDAGE FARMS, INC., an | Adversary No. **17-06018-TLM**<br><br>**ANSWER OF DEFENDANT DC LAND OPERATING COMPANY, LLC** |

| |
|---|
| Oregon corporation; WATSON AGRICULTURE, INC., an Oregon corporation; WBH FARMS, LLC, an Oregon limited liability company; RABO AGRIFINANCE, LLC, a Delaware limited liability company formerly known as Rabo AgriFinance, Inc.; and DOES 1-20,<br>                    Defendants. |

COMES NOW DC Land Operating Company, LLC ("DC Land"), one of the defendants in this action, by and through its counsel of record, The Law Office of D. Blair Clark, PC, and hereby answers Plaintiff's Complaint as follows:

1.  DC Land hereby denies each and every allegation in Plaintiff's Complaint unless otherwise herein admitted.

2.  DC Land hereby admits the allegations contained in paragraphs 1-4 and 20-27 of Plaintiff's Complaint.

3.  The allegations contained in paragraphs 5-19 and 29-44 of Plaintiff's Complaint do not pertain to DC Land and no response from DC Land is necessary.

4.  With regards to the allegation contained in paragraph 28 of Plaintiff's Complaint, DC Land admits, denies and alleges:

    a.  Answering 28a., DC Land admits as propounded. However, the allegation is incomplete. Affirmatively, DC Land alleges that it continued to deliver corn through March 9, 2017as per its contract with Plaintiff. DC Land has been partially compensated for its corn.

  b.  DC Land denies as propounded. Rather, ORS 87.755 provides that upon delivery of grain, DC Land has a lien in the inventory or proceeds thereof. Further, that said statute allows for the extension of the lien beyond the normal expiration date if a notice is filed pursuant to ORS 87.762 <u>or</u> ORS 87.242. However, should Idaho law apply, I. C. § 45-1803 provides that a lien in the inventory or proceeds thereof attached on the date any final payment is due and unpaid, which was May 15, 2017.

  c.  DC Land denies the allegations contained in paragraph 28c. of Plaintiff's Complaint.

  d.  DC Land denies the allegations contained in paragraph 28d. of Plaintiff's Complaint.

5. Answering paragraph 45, DC Land admits, denies and alleges as above set forth.

6. Answering paragraph 46, DC Land denies the allegations thereof, and affirmatively alleges that this Court should determine that its statutory liens pursuant to Oregon and Idaho law are all superior and prior in right to those of either Debtor, Plaintiff herein, or any other security interest of Rabo Agrifinance, LLC.

WHEREFORE, Defendant DC Land prays as follows:

1. For judgment dismissing Plaintiff's Complaint as it pertains to this Defendant;

2. For judgment determining that DC Land's statutory liens in the corn at issue were and are valid and existing, and that its lien rights are superior and prior in right to those of the

remaining Defendants or Debtor/Plaintiff, except as may be provided by Oregon law that the statutory liens rank equally in priority;

3. For an award of attorneys' fees for the defense of this action plus all costs of suit;

4. For such other and further relief as to the Court may seem just.

Dated this 21st day of June, 2017.

        LAW OFFICE OF D. BLAIR CLARK PC

By _____
    Jeffrey P. Kaufman, of the firm
    Attorneys for DC Land

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew Christensen, representing Plaintiff
Mtc@angstman.com

I further certify that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**None**

Via certified mail, return receipt requested, addressed as follows:

**None**

LAW OFFICE OF D. BLAIR CLARK, PC

_____
Jeffrey P. Kaufman