## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 17-0450-TLM** |
| **FARMERS GRAIN, LLC,** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| _____ ) | |
| **FARMERS GRAIN, LLC,** ) | |
| Plaintiff, ) | |
| v. ) | **Adv. No. 17-6018-TLM** |
| **DC LAND OPERATING** ) | |
| **COMPANY, LLC, et al.,** ) | |
| Defendants. ) | |
| _____ ) | |
| **RABO AGRIFINANCE INC.,** ) | |
| Cross-Claimant, ) | |
| v. ) | |
| **DC LAND OPERATING** ) | |
| **COMPANY, LLC, et al.,** ) | |
| Cross-Defendants. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
_____

MEMORANDUM OF DECISION - 1

**INTRODUCTION**

Before the Court is a motion for partial summary judgment, Adv. Doc. No. 93 ("Motion"), filed by cross-claimant Rabo Agrifinance Inc. ("Rabo"). Rabo asserts it is entitled to a ruling that, to the extent debtor Farmers Grain, LLC ("Farmers Grain") is the owner of grain inventory in its possession at the time the petition was filed, any grain producers' liens against such inventory are subordinate to Rabo's lien.

**FACTS**

The undisputed facts are established through the parties' filings, competent declarations, and judicial notice.

Farmers Grain filed its chapter 11 petition on April 18, 2017, and the case was converted to chapter 7 on August 15, 2017. On June 16, 2017, Farmers Grain initiated this adversary proceeding against DC Land Operating Company, LLC ("DC Land"); Bill Ziegler; Chris Unruh ("Unruh"); Michael Hartley and associated DBAs ("Hartley"); Enzs Farms; Lloyd Saunders ("Saunders"); Ralph Thornley Farms, LLC; Rivercrest Farms, LLC; Roger Lang; Scott Cruickshank; Standage Farms, Inc.; Watson Agriculture, Inc.; WBH Farms, LLC; and Rabo. All defendants except Rabo are farmers who made pre-petition deliveries of grain to Farmers Grain, but remained unpaid as of the petition date (collectively referred to as the "Grain Producers"). Rabo is a lender that extended credit to Farmers Grain.

Rabo asserts it is owed in excess of $8,000,000.  *See* Case No. 17-0450-TLM, Claim No. 4-1.  The complaint seeks a determination of the secured status of each defendant.

On August 7, 2017, Rabo filed a cross-claim against the Grain Producers, alleging its lien on Farmers Grain's property is superior to the interests of the Grain Producers because "the [Grain Producers] have no ownership interest in or perfected lien on" any of the property of Farmers Grain and that "even if such [Grain Producers] have an interest in any of the Farmers Grain [property], their interest is junior and inferior to the interest of Rabo."  Adv. Doc. No. 13 at 8.

On November 2, 2017, the Court entered default judgment against Bill Zeigler; Gordon Trout; Scott Cruickshank; Ensz Farms; Rivercrest Farms, LLC; and Standage Farms, Inc., establishing that the claims of the defaulting defendants were unsecured.  Adv. Doc. No. 55.

Defendant Robert Lang entered a stipulation with the chapter 7 trustee, Noah Hillen ("Trustee"), that Lang does not have a lien or other secured interest in any property of Farmers Grain and that amounts owed Lang for his grain deliveries are unsecured claims.  On December 19, 2017, the Court approved that stipulation.  Adv. Doc. Nos. 65, 66.

Rabo filed its Motion on February 28, 2018.  Prior to the hearing on Rabo's Motion, cross-defendants WBH Farms, LLC and Ralph Thornley Farms, LLC

MEMORANDUM OF DECISION - 3

stipulated to relief in favor of Rabo. These stipulating cross-defendants agreed they have no ownership interest in Farmers Grain's inventory and, to the extent they have any liens in Farmers Grain's property, such liens are junior and subordinate to Rabo's. Adv. Doc. No. 114. The Court entered an order granting the stipulation on April 20, 2018. Adv. Doc. No. 115.

Following the entry of default judgments and the stipulations, the remaining cross-defendants are Unruh, Hartly, Saunders, Watson Agriculture, Inc., and DC Land (collectively the "Remaining Producers"). DC Land and Saunders object to the Motion. Adv. Doc. Nos. 109, 110. A hearing on the Motion was held on April 24, 2018, after which the matter was taken under advisement.

**LEGAL STANDARD**

Rabo seeks partial summary judgment holding that, assuming Farmers Grain owned the grain supplied by the Remaining Producers, "[Rabo's] lien on that grain and the proceeds of that grain is senior and superior to any lien or claim that these [Remaining Producers] have asserted or could assert under Oregon law." Adv. Doc. No. 94 at 4.[1]

As this Court previously explained in its decision on DC Land's motion for summary judgment in this case:

---

[1] Rabo acknowledges that some of the Remaining Producers (notably Saunders who appeared at hearing) claim ownership interests in the grain held by Farmers Grain. Rabo expressly states it does not seek a ruling at this time regarding those purported ownership interests.

MEMORANDUM OF DECISION - 4

> Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56[], incorporated by Fed. R. Bankr. P. 7056; *Leimbach v. Lane (In re Lane)*, 302 B.R. 75, 81 (Bankr. D. Idaho 2003) (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)).
>
> The Court does not weigh evidence in resolving such motions but, rather, determines only whether a material factual dispute remains for trial. *Leimbach*, 302 B.R. at 81 (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997)). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party. A fact is "material" if it might affect the outcome of the case. *Id*. (citing *Far Out Prods.*, 247 F.3d at 992).

*Thorian v. Baro Enters., LLC (In re Thorian)*, 387 B.R. 50, 61 (Bankr. D. Idaho 2008).

> The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). Once the moving party has met its initial burden, if the nonmoving party bears the burden of proof at trial, the burden then shifts to the nonmoving party to produce evidence sufficient to support a trial judgment in his favor. *Gugino v. Alliance Title & Escrow Corp., et al. (In re Ganier)*, 2010 WL 1780356, *1–2 (Bankr. D. Idaho May 3, 2010) *(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In doing so, the nonmoving party must go beyond the pleadings and show by affidavits or by the discovery and disclosure materials on file that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2).

*In re Farmers Grain, LLC*, 2018 WL 770360, *2 (Bankr. D. Idaho Feb. 7, 2018).

MEMORANDUM OF DECISION - 5

## DISCUSSION AND DISPOSITION

### A.   Rabo's interest

Rabo filed UCC-1 financing statements with the Oregon Secretary of State on August 1, 2015, and December 31, 2015. *See* Adv. Doc. Nos. 97-1, 97-2. In those filings Rabo asserted liens against Farmers Grain's property, including its grain inventory. *Id.* at 2.

Rabo's security interest in the listed collateral attached on September 28, 2015, when Rabo and Farmers Grain entered into their security agreement. O.R.S. § 79.0203; *see also*, *Davis v. F.W. Fin. Serv., Inc.*, 317 F.3d 916, 922 (Or. Ct. App. 2013). And, at the latest, this security interest was perfected on December 31, 2015, when it filed its second financing statement with the Oregon Secretary of State. O.R.S. § 79.0310(1); *Davis*, 317 F.3d at 922.

### B.   Remaining Producers' interests and priorities

The question is whether the Remaining Producers have liens against the property of Farmers Grain and, to the extent any of them have liens, whether such liens are subordinate to Rabo's.

Under Oregon law, "[a]n agricultural producer that delivers or transfers grain for consideration has a lien on the inventory of the purchaser and proceeds received by the purchaser for sale of the inventory." O.R.S. § 87.755(1). The lien is automatically created and attaches to the inventory and proceeds on the date

MEMORANDUM OF DECISION - 6

physical possession of the grain is transferred to the purchaser. *Id*. at (2). The producer need not file any notice in order to perfect its lien. *Id*. at (3). A grain producer's lien under O.R.S. § 87.755 expires 180 days after the lien attaches, unless the producer extends the lien by filing a notice of lien under O.R.S. § 87.762 or a notice of claim of lien under O.R.S. § 87.242. *See* O.R.S. § 87.762(1)–(2).

As between perfected security interests, the first one perfected generally has priority. O.R.S. § 79.0322(1)(a). It is undisputed that Rabo's lien was perfected prior to those of any of the Grain Producers and, under this general rule, would have first priority. However, an exception to this general rule provides that a lien created by O.R.S. § 87.755(1) is:

> prior and superior to all other classes of lien or any classes of security interest in the inventory or proceeds, regardless of whether the creditor's lien or security interest attached to the inventory or proceeds before or after the agricultural producer's lien attached[.]

O.R.S. § 87.755(3). Thus, it is further undisputed that if any Remaining Producer has a valid lien created pursuant to O.R.S. § 87.755(1), such lien would be prior and superior to Rabo's.

### 1. Creditors who failed to file extensions

Hartley; Watson Agriculture, Inc.; Saunders; and Unruh do not dispute that they did not extend their liens and, therefore, have no security interests in grain *owned by* Farmers Grain. Rather, these parties all assert that a portion of the grain

MEMORANDUM OF DECISION - 7

in Farmers Grain's possession at the time it filed its bankruptcy petition was not actually owned by Farmers Grain, but was delivered by them to Farmers Grain solely for storage, and that these parties retained ownership.[2]

Based on the undisputed facts, these parties have no security interest in inventory *owned by* Farmers Grain. To the extent the grain in Farmers Grain's possession at the time it filed its petition was sold to and owned by Farmers Grain, Rabo's security interest is superior to the interests of Hartley; Watson Agriculture, Inc.; Saunders; and Unruh. The question of whether Farmers Grain actually owned the grain in its possession, however, is not before the Court at this time and is not addressed in this Decision.

### 2. DC Land

This Court previously granted summary judgment in favor of DC Land, holding that DC Land has a valid lien against Farmers Grain's inventory under O.R.S. § 87.755(1). *In re Farmers Grain, LLC*, 2018 WL 770360 (Bankr. D. Idaho Feb. 7, 2018). Rabo argues that DC Land's lien is, nonetheless, subordinate to Rabo's lien because DC Land failed to provide Rabo notice of its filing within twenty days, as required by O.R.S. § 87.762(3)–(4). That statute provides:

(3) If an agricultural producer files a lien under this section, the

---

[2] Saunders expressly responded to Rabo's Motion. Adv. Doc. No. 110. All these parties, however, filed answers to the complaint and/or Rabo's cross-claim asserting their ownership of the grain delivered to Farmers Grain pre-petition. *See* Adv. Doc. Nos. 14, 22, 23, 36, 54, 60.

MEMORANDUM OF DECISION - 8

> producer shall send notice to all persons that have filed a financing statement under ORS chapter 79 that perfects a security interest in all or part of the inventory of the purchaser or the proceeds from the sale of the inventory. The notice to the secured parties must provide the same information contained in the notice required by subsection (2) of this section and be sent by certified mail, return receipt requested.
>
> (4) The agricultural producer must send notice to other persons as required by subsection (3) of this section no later than the 20th day after filing the notice of lien. If the agricultural producer does not send a person notice within the required time, the lien created under ORS 87.755 (Grain producer's lien) becomes subordinate to that person's perfected security interest in the inventory or proceeds of the purchaser.

DC Land argues it filed a "notice of claim of lien" under O.R.S. § 87.242 rather than a "notice of lien" under O.R.S. § 87.762, and the twenty-day notice requirement found in O.R.S. § 87.762 is not applicable to O.R.S. § 87.242. Alternatively, DC Land argues it substantially complied with this twenty-day notice requirement.

For purposes of this Decision only, the Court will assume, without deciding, that DC Land was required to provide notice within twenty days of filing its notice of claim of lien with the Oregon Secretary of State. Accordingly, the critical issue is whether, under Oregon's recognition of the doctrine of substantial compliance with regard to notices, DC Land has substantially complied with the twenty-day notice requirement.

Substantial compliance is used to avoid the harsh result of insisting on

MEMORANDUM OF DECISION - 9

literal compliance with statutory notice provisions where the purpose of the statute has been met. *State v. Vandepoll*, 846 P.2d 1174, 1176 (Or. Ct. App. 1993). The doctrine requires the Court to determine the sufficiency of the notice given in light of the statute's objectives, and to ignore claims of technical deficiency when the purposes of the statute are served. *Id*.

With regard to a party's failure to send notice by certified mail, when required by statute, the Oregon Supreme Court has held that "actual notice is the equivalent of notice by certified mail." *Brown v. Portland School Dist. No. 1*, 628 P.2d 1183, 1186 (Or. 1981) (citing *Stroh v. SAIF*, 492 P.2d 472 (Or. 1972)). In *Brown*, a school district argued that a plaintiff's claim against it, notice of which was sent by standard mail, was ineffective due to the plaintiff's failure to provide notice to the school district by *certified* mail, as required by state statute.[3] The Oregon Supreme Court held that "where the notice required by [statute] is actually received by the statutorily designated official, the statute has been substantially complied with and the notice of the claim is valid." *Id*. The court reasoned that to deny a claim because it was not properly posted by certified mail, although actually received, "seems to us an absurd result which the legislature did not or

---

[3] At that time, O.R.S. § 30.275(1) provided that notice of a tort claim against a public body, public officer, public employee, etc., "shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested." *Brown*, 628 P.2d at 1185.

MEMORANDUM OF DECISION - 10

would not have intended." *Id*. at 1187.[4]  The Oregon Supreme Court emphasized the importance of knowledge over the method of notice.

While no Oregon case specifically addresses whether actual notice negates a lien claimant's failure to comply with the notice requirements of O.R.S. § 87.762(3)–(4), the Court finds the Oregon Supreme Court's reasoning in *Brown* compelling.  The purpose of the lien notice statute at issue is to provide parties who claim a perfected security interest in another's property notice that some other entity claims a lien in that same property.  *See* O.R.S. § 87.762(3).

DC Land unquestionably failed to send notice to Rabo by certified mail.  However, on June 10, 2017, just three days after DC Land's filing with the Oregon Secretary of State, Rabo filed a memorandum in Farmers Grain's bankruptcy case with a copy of DC Land's filing attached.  Case No. 17-0450-TLM, Doc. No. 53 at 7.  Rabo, through a search of the Oregon Secretary of State lien filings, had *actual* notice of DC Land's claim of lien within the twenty-day period required by statute.  Rabo's actual notice of DC Land's claim of lien through its own search effectively provided the same knowledge as a notice by certified mail would have.

---

[4] *See also*, *Laro Lumber Co., Inc. v. Patrick*, 630 P.2d 400 (Or. Ct. App. 1981) (finding actual notice of a lien filing effective against a property owner despite notice being sent by standard mail when statute required delivery by certified mail).  On the other hand, where a party did not have actual notice, the failure to properly send notice by certified mail was found to be fatal to that party's claim.  *See Riddle v. Cain*, 635 P.2d 394 (Or. Ct. App. 1981) (holding that service by regular mail to the wrong official did not constitute substantial compliance with the notice statute under *Brown*).

MEMORANDUM OF DECISION - 11

It is true that DC Land did not undertake any affirmative step to provide notice, such as mailing notice by certified or regular mail, or by physically delivering a notice to Rabo. Thus, this situation does not precisely fit the situation presented in *Brown* and similar Oregon cases. But the statute here was designed to ensure notice is timely received by the holder of a security interest that competing liens are asserted. If that fundamental purpose is satisfied, the raison d'etre of the statute is met. The Court does not believe Oregon courts would subordinate a creditor's lien interest for failing to provide certified mail notice if the secured party had knowledge of the asserted lien. Rabo had notice of DC Land's lien three days after that lien was filed. DC Land was aware of this from Rabo's brief filed in this Court. At that point, DC Land still had seventeen days in which to provide the certified mail notice. But requiring such redundant notice does not advance the purpose of the statute.

Here, Rabo had actual knowledge of DC Land's lien interest. The purpose of the notice statute—providing seasonable and timely notice of a producer's lien—is thereby satisfied. The Court consequently finds and concludes that DC Land's lien interest is not subordinated to Rabo's security interest by operation of O.R.S. § 87.762(4).

**CONCLUSION**

To the extent Farmers Grain owned the grain inventory it possessed at the

time it filed its petition, Rabo has shown that its security interest is superior to all Remaining Producers' interests *except* that of DC Land.  Rabo's Motion is granted in part and denied in part.  With regard to Hartley; Watson Agriculture, Inc.; Saunders; and Unruh, Rabo's Motion is granted.  With regard to DC Land, Rabo's Motion is denied.  Rabo shall submit appropriate Orders.

DATED:  May 15, 2018

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13